**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30232 |
| Plaintiff - Appellee, | D.C. No. 4:09-CR-00004-SEH |
| v. | |
| THOMAS JOHN LATTERELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Thomas John Latterell appeals from the district court's judgment following

his guilty-plea conviction for failure to register as a sexual offender under the Sex

Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 2250(a). Latterell challenges the district court's denial of his motion to dismiss the indictment. We review de novo. *See United States v. Cabrera-Gutierrez*, No. 12-30233, 2014 WL 998173, at *2 (9th Cir. Mar. 17, 2014). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

By letter brief, the government concedes that Latterell's conviction is infirm because it is predicated on interstate travel that occurred in 2006, and Latterell is a pre-Act offender who was not obligated to register under SORNA until August 1, 2008. *See Reynolds v. United States*, 132 S. Ct. 975, 984 (2012) (pre-Act offenders not required to register before the Attorney General validly specifies that the Act's registration requirements apply to them); *United States v. Valverde*, 628 F.3d 1159, 1160 (9th Cir. 2010) (Attorney General's retroactivity provision became effective on August 1, 2008). Accordingly, we remand to the district court with instructions to dismiss the indictment against Latterell.

**REVERSED and REMANDED.**